FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF CULVER CITY,<br><br>        *Petitioner*,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION; UNITED STATES DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG; MICHAEL G. WHITAKER,<br><br>        *Respondents*. | No. 24-2477<br><br>Agency No. Federal Aviation Administration<br><br>OPINION |
| CITY OF MALIBU,<br><br>        *Petitioner*,<br><br>v.<br><br>FEDERAL AVIATION ADMINISTRATION; MICHAEL G. WHITAKER, in his official capacity as Administrator, Federal Aviation Administration, U.S.; UNITED | No. 24-2503<br>Agency No. Federal Aviation Administration |

STATES DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, in his official capacity as Secretary,

*Respondents.*

On Petition for Review of an Order of the Federal Aviation Administration

Argued and Submitted December 10, 2025
Pasadena, California

Filed March 2, 2026

Before: MILAN D. SMITH, JR., MORGAN B. CHRISTEN, AND DANIELLE J. FORREST, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

# SUMMARY*

### Standing

The panel dismissed for lack of standing the Cities of Malibu and Culver City, California's petitions for review of the Federal Aviation Administration's publication of its Categorical Exclusion/Record of Decision (CATEX/ROD) related to the implementation of the FAA's Next Generation Air Transportation System (NextGen) initiative in the Southern California Metroplex.

In 2016, the FAA's NextGen initiative introduced new and revised air traffic procedures, including the flight procedures challenged here. In 2018, the FAA amended the challenged flight procedures.

The panel held that only the Cities' challenges to the 2018 Amendments were timely and dismissed as untimely any challenge related to the original 2016 flight procedures.

The Cities alleged that they suffered a procedural injury caused by the FAA's failure to comply with the National Environmental Policy Act by issuing the CATEX/ROD without articulating an adequate or plausible rationale. The panel held that the Cities failed to meet their burden of demonstrating standing because they failed to show that there was a "reasonable probability" that the 2018 Amendments, not the original 2016 Flight Procedures, threatened their natural resource interests. Malibu's declaration established standing to challenge only the 2016

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Flight Procedures, and Culver City failed to submit an affidavit or other evidence showing that it suffered an injury. Accordingly, the panel dismissed the petitions for lack of standing.

## COUNSEL

Steven M. Taber (argued) and Esther J. Choe, Leech Tishman Nelson Hardiman Inc., Pasadena, California; Barbara E. Lichman (argued) and Marshall L. Olney, Buchalter APC, Irvine, California; Heather S. Baker, City Attorney, City of Culver City, Culver City, California; for Petitioners.

Justin D. Heminger (argued) and Robert P. Stockman, Attorneys, Environment & Natural Resources Division; Adam R.F. Gustafson, Acting Assistant Attorney General; United States Department of Justice, Washington, D.C.; Paul Geier, Assistant General for Litigation and Enforcement, Office of the General Counsel, United States Department of Transportation, Washington, D.C.; Nicholas A. Steinheimer, Attorney; Brett D. Weingold, Manager, Appellate Practice; Office of the Chief Counsel, Federal Aviation Administration, Washington, D.C.; Courtney Adolph, Senior Attorney, Federal Aviation Administration, El Segundo, California; for Respondents.

# OPINION

M. SMITH, Circuit Judge:

The Cities of Malibu and Culver City, California, petition for review of the Federal Aviation Administration's (FAA) publication of its Categorical Exclusion/Record of Decision (CATEX/ROD) related to the implementation of the FAA's Next Generation Air Transportation System (NextGen) initiative in the Southern California Metroplex (Metroplex). The Cities argue that the FAA's use of a CATEX/ROD in lieu of more fulsome environmental review violated the APA. Because the Cities lack standing, we dismiss their petitions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2016, the FAA's NextGen initiative introduced new and revised air traffic procedures at various airports, including Los Angeles International Airport, relying on satellites instead of ground-based radio signals. At issue in this petition are three flight procedures: HUULL, IRNMN, and RYDRR (the Challenged Flight Procedures).

To comply with its obligations under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.*, the FAA prepared an environmental review in 2016 analyzing all flight procedures related to the Metroplex, including the Challenged Flight Procedures. That analysis found there would be no significant noise impacts, and the FAA made an official "Finding of No Significant Impact" for the Metroplex. Culver City and other parties petitioned for review of the FAA's 2016 approval of the Metroplex in the D.C. Circuit, challenging the noise analysis as well as the

evaluation of air emissions and climate change effects. The D.C. Circuit denied those petitions. *See Vaughn v. FAA*, 756 F. App'x 8, 11, 16 (D.C. Cir. 2018) (per curiam).

In May 2018, the FAA amended the Challenged Flight Procedures, altering some altitude and speed restrictions at various waypoints along the routes.[1] Three of these changes occurred at waypoint over land rather than ocean:

- At the IRNMN waypoint on the amended IRNMN flight procedure (IRNMN TWO), the FAA adjusted the altitude restriction from 16,000 feet from mean sea level to between 12,000 to 16,000 feet.

- At the SYMON waypoint on IRNMN TWO, the FAA *raised* the altitude restriction from between 11,000 and 13,000 feet to between 12,000 and 13,000 feet.

- The FAA added new waypoint named BRUKY on the amended HUULL flight procedure (HUULL TWO), with an altitude restriction of about 25,000 feet.

Of these three waypoints, none overfly Culver City and only the SYMON waypoint overflies Malibu. There were no changes to the flight paths, the number of flights, or the types of planes flying the Challenged Procedures.

---

[1] Waypoints are "fixed geographical position[s] along the flight route where pilots are given instructions as to direction, speed, and altitude."

The City of Los Angeles challenged the amended flight procedures (the 2018 Amendments) with Culver City as intervenor. We previously held that the FAA had violated NEPA, the National Historic Preservation Act (NHPA), and Section 4(f) of the Department of Transportation (DOT) Act when it issued the amended flight procedures but remanded for the FAA to undertake the NEPA analysis and NHPA and DOT Act consultation without vacating the procedures in the meantime. *See City of Los Angeles v. Dickson*, No. 19-71581, 2021 WL 2850586, at *3 (9th Cir. July 8, 2021).

NEPA "is a purely procedural statute that . . . simply requires an agency to prepare an [environmental impact statement]—in essence, a report." *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 173 (2025). Its goal is to "inform agency decisionmaking" by exploring the potential environmental consequences of agency action, without imposing any "substantive environmental obligations or restrictions." *See id.* at 172–73. "NEPA's implementing regulations permit agencies to establish 'categorical exclusions' covering actions that 'normally do not require either an environmental impact statement or an environmental assessment and do not have a significant effect on the human environment.'" *Save Our Skies LA v. FAA*, 50 F.4th 854, 859–60 (9th Cir. 2022) (quoting 40 C.F.R. § 1507.3(e)(2)(ii)). FAA's NEPA regulations permit the use of categorical exclusions for FAA actions "[e]stablish[ing] new or revised air traffic control procedures conducted at 3,000 feet or more above ground level" that do not "have a significant environmental impact" such that "extraordinary circumstances" exist. FAA Order 1050.1F §§ 5-2, 5-6.5(i).

Two years following that initial decision, we granted mandamus relief to the city "to provide some judicial

oversight of the FAA's timely compliance with our decision." Order 1-2, *Dickson*, No. 19-71581 (9th Cir. Mar. 9, 2023). The FAA eventually conducted the required NEPA review and statutory consultation. This included consulting with Culver City, Malibu, Los Angeles, and tribal groups. In conducting the NEPA review, the FAA employed a noise threshold known as the "Schultz Curve," which marks a Day-Night Average Sound Level of 65 decibels as the threshold for adverse community impacts. FAA's environmental review resulted in a Record of Decision concluding that the 2018 Amendments "qualified for a categorical exclusion that applies to the establishment of revised flight procedures conducted at or above 3,000 feet above ground level." The FAA determined there were no "extraordinary circumstances" warranting additional environmental review.

## ANALYSIS

**I. Only the Cities' challenges to the 2018 Amendments are timely.**

"Congress has limited our jurisdiction over petitions for review of FAA orders to those petitions that are 'filed not later than 60 days after the order is issued' or for which 'reasonable grounds' excuse the delay in filing." *Save Our Skies LA*, 50 F.4th at 859 (quoting 49 U.S.C. § 46110(a)).

The Cities did not challenge the original 2016 Flight Procedures within 60 days of the relevant FAA order, as required by statute absent "reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a). The 60-day period during which the Cities may have challenged the 2016 Flight Procedures expired in 2016. Indeed, Culver City did successfully petition within that period, and the D.C. Circuit upheld the FAA's decision. *See Vaughn*, 756 App'x 8 at 13–

16 (holding that the FAA had rationally analyzed noise and other environmental impacts from the 2016 Flight Procedures).

*Save Our Skies* is directly on point. In that case, the petitioner challenged a different set of flight procedures arising out of the same Metroplex project as the Challenged Flight Procedures here. *Save Our Skies LA*, 50 F.4th at 857. The FAA subsequently made certain changes to the procedures, and the petitioners challenged both the original flight procedures and those amended procedures. *Id.* at 859. While the court analyzed the petitioner's claims as to the amended procedures as timely filed, *id.* at 859–61, it held that review of the original flight procedures was precluded by Section 46110's 60-day limitation. *Id.* at 861 ("Our jurisdiction extends only to the orders directly and timely challenged by a petitioner."). The "reasonable grounds" exception, the court explained, did not extend to "petitioner's own mistake," "filing in the wrong court," or "a delay of the petitioner's own making." *Id.* at 862. The court further rejected the idea that the APA's more general 6-year limitations period could supersede the more specific 60-day period in Section 46110. *Id.* at 865. Ultimately, the court addressed (and denied) only the petitioner's claims filed within the 60-day period, dismissing as untimely those claims directed at earlier-promulgated versions of the flight procedures. *Id.*

The reasoning of *Save Our Skies* controls. We accordingly address only the 2018 Amendments and dismiss as untimely any challenge related to the original 2016 Flight Procedures.

Case: 24-2477, 03/02/2026, DktEntry: 81.1, Page 10 of 12

10         CITY OF CULVER CITY V. FED. AVIATION ADMIN.

## II.     The Cities lack standing to challenge the 2018 Amendments.

Article III requires plaintiffs to establish standing for each claim they raise by showing (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of"; and (3) that a favorable decision will redress their injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

The Cities assert that they have suffered a procedural injury caused by the FAA's failure to comply with NEPA by issuing the CATEX/ROD without "articulating [an] adequate or plausible rationale between the facts FAA found and its decision." In their view, a favorable decision would redress their injuries because vacatur would prevent further "degradation" of natural resources and a full environment analysis would more appropriately balance the FAA's goals with the Cities needs as cities.

Where petitioners assert a procedural injury, as here, for standing purposes they must allege that (1) the agency committed a procedural violation, (2) the procedures in question "protect a plaintiff's concrete interests," and (3) "it is reasonably probable that the challenged action will threaten their concrete interests." *San Luis & Delta-Mendota Water Auth. v. Haugrud*, 848 F.3d 1216, 1232 (9th Cir. 2017), *as corrected* (Mar. 23, 2017) (citation modified); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (standing for claimed failure to abide by NEPA only when "the plaintiff also alleges a 'concrete' interest—such as an aesthetic or recreational interest—*that is threatened by*

the proposed action" (emphasis added)). "A free-floating assertion of a procedural violation, without a concrete link to the interest protected by the procedural rules, does not constitute an injury in fact." *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 938 (9th Cir. 2005).

There is no question that NEPA is designed to protect the natural resource interests the Cities describe, *see Douglas Cnty. v. Babbitt*, 48 F.3d 1495, 1499 (9th Cir. 1995), so we consider only whether the Cities have satisfied the second step of the procedural injury analysis. Namely, whether they have shown that there is a "reasonable probability" that the 2018 Amendments, not the original 2016 Flight Procedures, threaten their natural resource interests. The Cities must meet this burden by submitting "affidavits or other evidence showing, through specific facts" that they suffered an injury. *Lujan*, 504 U.S. at 561, 563 (explaining that at the summary judgment stage a plaintiff may no longer rest on "mere allegations" but must adduce specific evidence of injury); *Nat'l Fam. Farm Coal. v. E.P.A*, 966 F.3d 893, 908 (9th Cir. 2020) (holding that petitioners are subject to the same standing burden as a plaintiff at summary judgment).

The Cities have not met their burden here. Malibu submitted a declaration from its City Manager stating that there has been an "increase[] [in] flights along with an increase in aircraft noise over noise-sensitive areas" owned by the city and that the "New Flight Paths" made it difficult to preserve the environmental, aesthetic, and recreational qualities of its properties. But those flight paths and the increase in flights (along with any resulting increase in noise) stem from the original 2016 Flight Procedures, which increased the number of flights over specific areas, and not from the 2018 Amendments, which did not. Therefore, Malibu's declaration establishes standing to challenge only

the 2016 Flight Procedures, which, as discussed above, is untimely.

Culver City, by contrast, failed to submit any affidavit or "other evidence showing, through specific facts," that it suffered an injury. *Lujan*, 504 U.S. at 563. Accordingly, the Cities have failed to establish standing to challenge the 2018 Amendments. *See Wittman v. Personhuballah*, 578 U.S. 539, 545 (2016) (holding that a party cannot satisfy standing by "simply alleg[ing] a nonobvious harm, without more"); *see also Sierra Club v. E.P.A.*, 292 F.3d 895, 899–900 (D.C. Cir. 2002) (explaining that where a complainant is the object of the agency action, injury is typically apparent, but where injury is not self-evident, the petitioner must supplement the record as necessary to demonstrate standing).

**PETITION DISMISSED** for lack of standing.